Shomari E Norman

979 Summit Ave Apt. 2E

Bronx, NY 10452

Email:shomari.norman3@gmail.com

Honorable Judge Broderick

United States District Judge

United States District Court

Southern District of New York

Thurgood Marshall United States Courthouse

40 Foley Square, Room 415

New York, NY 10007

RE: Shomari E Norman v. City of New York, ET a.;
Civil case 1:20-CV-05560-VSB

Date 31 Aug. 2020



Dear Judge Broderick:

The Plaintiff respectfully submits this memorandum to support of Civil Action 20 CV 5560. The Plaintiff seeks to submit relevant evidence pertaining to this legal action. 18 U.S.C. 1512(c) (1) Defendants obstruction and attempted obstruction of an official proceeding in the Plaintiff court case 18CVS758; The Defendants had full knowledge of a crime that was committed. The Defendants has stepped out of the scope of the law with no legal justification. The Plaintiff is requesting for surveillance footage from the traffic light that is on the corner of Richardson Ave in the Bronx on 5 March. The surveillance camera is on a public street.

The surveillance camera from the traffic light footage is a critical piece of "Real Evidence", along with the other pieces of "Real Evidence" the Plaintiff has submitted. The Plaintiff request for NYPD 47 Precinct to provide the Plaintiff with footage on 5 March 2018 approx.1030am-1200pm. Also, the Plaintiff request CCTV video footage on 6 March 2018 approx. 10am-12pm.  8 March 2018 approx. 10am-1130am. April 8 2018 10am-12pm; April 10 2018 10am-12pm. Also the Plaintiff request surveillance camera footage of the NY PD Property Clerk Division 11 Front Street Brooklyn NY 11201;

11 April 2018 10-1130am.

The Plaintiff request reflects the number of attempts the Plaintiff went to the local police department trying to retrieve his property. Further, NYPD never wrote a Police report about the incident, hence contacted the Plaintiff Insurance Company reporting the Plaintiff claim as "No Theft". The video from the 47 Police Precinct shows the Defendants were conspiring against the rights of the Plaintiff.

Access Control Request- the Plaintiff asks for access of the surveillance camera footage of the front desk area of NYPD 47 Precinct. 49 CFR 1542.207 Access control systems. The Plaintiff rights have been violated. The Plaintiff request access under 14 CFR 420.53. The surveillance camera footage from the traffic light will show that the Plaintiff took necessary steps and legal steps to peacefully retrieve his property. Also, it will reflect that there was no Police Report written to try to retrieve the 2015 Jeep Patriot. Criminal activities occurred under the hands and influence by the Defendants.

40 CFR Subpart Confidentiality and Public Access to Information provision 40 CFR 725.80 (1) and Plaintiff request constructions the Honorable Judge and the courts to grant the Plaintiff access to the surveillance camera footage in the NYPD 47 Precinct   Front Desk area at the times that were listed. The scope of the footage along with the Proof and evidence that was submitted shows the abuse of power and position to harm and or threaten a United States combat veterans' life without any legal justification or legal reason. The Defendants actions are a threat to the security of the United States. The Defendants actions are a threat to the judicial system. The Defendants actions are a threat to the United States Constitution.

Freedom of Information Act- 5 U.S.C. 552 requires the Full or partial disclosure of previously unreleased information and documents controlled by the United States government upon request. The scope of the Freedom of Information Act is to inform citizens vital to the functioning of a democratic society. The Freedom of Information Act defines government agency records subject to disclosure. This Act was intended to make government agencies more transparent with the public. Moreover, easily identifying problems in government.

Judge Broderick, the Plaintiff credit has been slandered by the result of criminal activity under the law. The Plaintiff who does not have a criminal record and had been a productive citizen and served for the United States Army. The Plaintiff respectfully   request for an affidavit of an invested law enforcement official and or officer of the United States conduct an investigation into the surveillance camera footage on 5 March 2018 approx. 750am-945am. at Richardson Ave in the Bronx NY.

NYPD officers have body cameras'. There were 5 NYPD officers that arrived at the corner of Richardson Ave. in the Bronx on 5 March 2018 approx. 930. Judge Broderick property was seized illegal and the Defendants are Libel for damages the Plaintiff has suffered. Recently a Federal Judge made the disciplinary records of NYPD public. This shows NYPD behavior and conduct for which they are responsible for protecting the public life and safety. New York City spends over 5 Billion on the Police Department. NYPD has equipment that is required by law to have and use such as body cameras'.   There have been thousands of complaints about law enforcement illegal activities under the color of law. No person is above the law. With such affidavit from a federal law enforcement officer who has reviewed the video footage from the traffic light on Richardson Ave, the Plaintiff pictures and video would support the Plaintiff motion for Relief and bring closure to a nightmare the Plaintiff has lived in for years.

The Plaintiff has provided pictures and audio. Hence the Plaintiff cannot forward to the court the video that was recorded. The Plaintiff request to submit the cellphone that support civil case 20 CV 55660. The scope of these requests is to uphold justice and liberty without any predejuice and or injustice. Electronic surveillance device can implicate the Fourth Amendment right of the people to secure against unreasonable seizure. The Plaintiff respectfully requests a Federal Investigation into this matter.

Costello v City of Burlington, 632 F 3d 41, 45 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)) "There is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (Quoting) Kirkland v. Cablevision Sys.760 F 3d 223, 224 (2d Cir. 2014) "When a Plaintiff proceeds pro se, the court must construe his submission liberally and interpret them to raise the strongest arguments that they suggest.". The Plaintiff vehicle was towed illegally, "Real" evidence from the surveillance camera in the traffic light on Richardson Ave contrast criminal behavior that is a threat to the security of the United States.

The Plaintiff has remanded his formal complaint and is awaiting Proof of Service. The amended complaint will be served before 17 Sept. 2020 time granted by Judge Broderick. At this convenient time the Plaintiff request a digital copy of the traffic light surveillance camera on Richardson Ave in the Bronx and the surveillance camera footage at the 47 Police Precinct. A Federal Investigator affidavit will narrow the scope of any doubt about what happened to the 2015 Jeep Patriot and how it was towed from Bronx, NY to Raleigh North Carolina. The Plaintiff rejected the repossession without proper notification and the video from the traffic light along with the Plaintiff video confirms criminal negligence. The Plaintiff did not disturb the peace and complied with New York City law enforcement instructions to release the 2015 Jeep Patriot to the towing company.

Respectfully,

Shomari E Norman