```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  Shomari E. Norman,                                        :
                                                            :
                              Plaintiff,                    :
                                                            :       20-CV-5560 (VSB)
                   - against -                              :
                                                            :         OPINION & ORDER
                                                            :
  City of New York, Leith Chrysler Jeep,                    :
  Attorney General Letitia James, Inspector                 :
  General Letizia Tagliafierro, Attorney General            :
  Josh Stein, NYCPD Commissioner Dermot                     :
  Shea,                                                     :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Appearances:

Shomari E. Norman
Bronx, NY
*Pro Se Plaintiff*

Toni Elisabeth Logue
New York State Department of Law (Mineola)
Mineola, NY
*Counsel for Defendants AG Letitia James, IG Letizia Tagliafierro*

Terence Patrick Steed
North Carolina Department of Justice
Raleigh, NC
*Counsel for Defendants AG Josh Stein, NYCPD Commissioner Dermot Shea*

Alessandra DeCarlo
New York City Law Department
New York, NY
*Counsel for Defendant City of New York*

VERNON S. BRODERICK, United States District Judge:

    Before me are the motions of (1) Attorney General Letitia James and Inspector General

Letizia Tagliafierro, and (2) Attorney General Josh Stein (collectively, the "State Defendants") to dismiss the Complaint of pro se Plaintiff Shomari Norman pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Because sovereign immunity bars Plaintiff's claims against the State Defendants in their official capacities, and, in any event, Plaintiff has failed to plausibly allege that any of the State Defendants personally participated in violations of his constitutional rights, the State Defendants' motions to dismiss are GRANTED.  In this Opinion & Order, I also address Plaintiff's pending requests to submit further evidence in support of his claims.

## I.     Factual Background[1]

Pro se Plaintiff brings this action against the City of New York (the "City"), Leith Chrysler Jeep, Attorney General Letitia James ("AG James"), Inspector General Letizia Tagliafierro ("IG Tagliafierro"), Attorney General Josh Stein ("AG Stein"), and New York City Police Department Commissioner Dermot Shea ("Commissioner Shea") (collectively, "Defendants"), alleging wrongful seizure of his motor vehicle in New York City, and subsequent repossession and sale of the vehicle by Leith Chrysler Jeep.

"On 5 March 2018, a yellow parking boot was place[d] on [Plaintiff's] 2015 Jeep Patriot."  (Doc. 2, Compl. 9.)[2]  Plaintiff "rejected [] the repossession," and called the New York City Police Department [NYPD]."  (*Id*.)  New York City Police Department ("NYPD") officers "ordered [Plaintiff to] release his vehicle to the towing company."  (*Id*.)  Later, when Plaintiff attempted to locate his vehicle, the New York City Property Clerk's Office informed him that it

---

[1] The facts contained in this section are based upon the factual allegations set forth in Plaintiff's Complaint and amendments, and I assume the allegations in the Complaint and amendments to be true in considering the motions to dismiss pursuant to Rule 12(b)(6).  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, my reference to these allegations should be not construed as a finding as to their veracity, and I make no such findings.

[2] "Compl." refers to Plaintiff's Complaint, filed August 5, 2019.  (Doc. 2.)  Attached to the Complaint are documents submitted in support of Plaintiff's allegations, including Plaintiff's vehicle registration details.  (*See* Doc. 2, at 23–24.)

did not have any information that the vehicle was located in the "New York City Police impound" or that the City of New York had requested that the vehicle be towed. (*Id*.) Plaintiff, unable to locate his vehicle, subpoenaed the NYPD and notified his insurance company that his vehicle was stolen. (*Id*. at 9, 23.) He finally learned that "Jeep Capital in Raleigh, North Carolina somehow recovered the vehicle and sold it to someone else." (*Id.* at 9.) Plaintiff also learned that "Chrysler Capital ha[d] made a false report" to the three credit bureaus regarding a missed car payment, which Plaintiff challenged unsuccessfully. (*Id.* at 10; *see also id*. at 26–31.) Plaintiff claims that he summoned the NYPD in an "ongoing court case" to appear and produce evidence related to the court case. (Doc. 3, at ¶ 5.) The NYPD did not appear in that action. (*Id*.)

On June 9, 2020, Plaintiff filed a notice of claim with the Comptroller of the City of New York. (*See* Compl. at 12–16.) On April 24, 2019, the United Services Automobile Association sent Plaintiff a letter denying his claim. (*Id.* at 23.) Plaintiff also attached a number of documents to his Complaint, including a subpoena form, dated May 7, 2018, issued by the North Carolina Industrial Commission, requesting documents from the New York City Police Property Clerk, (*see id*. at 22), Plaintiff's letters to three credit reporting agencies disputing the payments owed to Chrysler Capital for the vehicle, (*see id.* at 26–31), and photographs of the alleged illegal tow, (*see id.* at 34–37).

Plaintiff alleges the following violations arising from his attempts to locate his vehicle, his challenges to reports to the credit bureaus, and the eventual repossession and sale of his car: (1) 18 U.S.C. §3146 ["failure to appear in Court"]; (2) 41 U.S.C. §4712(g)(1) ["Abuse of Power"]; (3) 25 C.F.R §11.448(2)(b) ["Abuse of Office"]; (4) 5 U.S. Code §2302 ["Prohibited Personnel Practice"]; (5) 18 U.S.C. §241 ["Conspiracy against Rights"]; (6) 18 U.S. Code §1961

["Unlawful Debt"]; (7) 18 U.S. Code §2384 ["Seditious Conspiracy"]; (8) "Slander of Credit"; (9) Libel; and (10) Conspiracy to Obstruct Justice. (*See id.*, ¶¶ 4–13.) Plaintiff seeks $50 million dollars in relief for slander of credit, life endangerment, stolen property, fraud, and abuse of office, and requests that the Court "have the FBI [] investigate this case." (*Id.* at ¶ 14.)

## II. Procedural History

Plaintiff commenced this action by filing a Complaint on July 17, 2020. (Doc. 2.)[3] On July 31, 2020, Plaintiff filed two additional motions, titled "motion to submit evidence" and "motion for relief addendum I." (Docs. 9 and 10.) On December 7, 2020, Plaintiff submitted a letter seeking to submit additional audio and video evidence. (Doc. 38.)

On August 17, 2020, Defendants James and Tagliafierro filed their joint motion to dismiss. (Doc. 15.) I directed Plaintiff to file any amended complaint by September 7, 2020, and warned Plaintiff that it was unlikely that he would be given a further opportunity to amend his Complaint. (Doc. 17.) Plaintiff thereafter filed various letters to me requesting production of evidence by Defendants. (*See* Docs. 23, 25, 26, 28.) Construing these letters as discovery requests, I denied Plaintiff's applications without prejudice to refile during the discovery phase of this case, and in any case no earlier than after I had issued a decision on Defendants' motion to dismiss. (Doc. 29.)

On August 31, 2020, Plaintiff filed an addendum amending his Complaint. (Docs. 27–28.) On September 11, 2020, Defendant Stein filed his motion to dismiss. (Doc. 32.) On September 15, 2020, Plaintiff filed his opposition to the Defendants' motions to dismiss, (Doc. 34), and submitted supplemental briefing on September 25, 2020, (Doc. 35). On September 28,

---

[3] Plaintiff simultaneously filed a motion to show cause seeking $59,500,000.00 in damages plus interest and a direction from me that a criminal investigation be initiated related to this matter; however, Plaintiff does not seek injunctive relief. (Doc. 3.)

2020, Defendants James and Tagliafierro filed their reply.  (Doc. 36.)  Defendants City of New York and Commissioner Shea answered the Amended Complaint on October 1, 2020.  (Doc. 37.)

### III.   Legal Standards

#### A.   *Rule 12(b)(1)*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(b)(1).  A plaintiff asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that it exists.  *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova*, 201 F.3d at 113).  When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true, but does not draw inferences from the complaint favorable to the plaintiff.  *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).  The court may "resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings."  *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

#### B.   *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Plausibility . . . depends on a host of considerations:

the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). In addition, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a

plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

IV. **Discussion**

   A. *Plaintiff's Motions to Submit Additional Evidence (Docs. 9, 10, 38)*

Plaintiff's motion to submit evidence, (Doc. 9), seeks leave to submit additional evidence, most of which was already included in Plaintiff's original Complaint, (*see* Doc. 2).[4] Plaintiff's motion for relief does not request leave to submit any additional factual evidence, but simply sets forth additional legal support for his claims. (*See* Doc. 10.) Plaintiff's letter motion of December 7, 2020 seeks to submit additional audio and video evidence of the alleged illegal tow. (Doc. 38.) As an initial matter, Plaintiff was already allowed to amend his Complaint once, with notice that it was unlikely that he would have further opportunity to amend. (*See* Doc. 17.) Moreover, Plaintiff's proposed submissions do not impact my consideration of and decision regarding the State Defendants' motions to dismiss. Therefore, Plaintiff's requests to submit additional evidence are DENIED without prejudice to refile at a later stage of the litigation.

   B. *The State Defendants' Motions to Dismiss (Docs. 15, 32)*

Defendants James and Tagliafierro argue that they should be dismissed from this action because the Eleventh Amendment and principles of sovereign immunity bar claims against them in their official capacities. (Doc. 15-1, at 3–4.) They also argue that Plaintiff's claims should be dismissed as his pleadings do not raise factual allegations showing that either Attorney General James or Inspector General Tagliafierro personally participated in any violations of Plaintiff's

---

[4] Specifically, Plaintiff seeks to introduce the "Court Subpoena," "Letter from Plaintiff['s] car insurance," "Pictures of the Tow," "Credit Report," "Registration Information" pertaining to his car, a "voice recording" from the New York City Property Clerk, and Plaintiff's letters to credit bureaus. (Doc. 9, at 2.) Plaintiff's Complaint already attaches all of this information, with the exception of Plaintiff's credit report and the voice recording. *See supra* Part I.

constitutional rights.  (*Id*. at 4–5.)  Finally, Defendants James and Tagliafierro argue that I should decline to exercise pendent jurisdiction over any of Plaintiff's remaining state law claims.  (*Id*. at 6.)

Defendant Stein also moves to dismiss the Complaint on the grounds that sovereign immunity bars Plaintiff's claims against him.  (Doc. 32, at 4).  Defendant Stein further submits that Plaintiff makes no allegations relating to him other than to name him in the caption and to misidentify him as the Attorney General of New York, (*id*. at 6), nor raises allegations or actions that would logically be attributed to the Attorney General of North Carolina, (*id*.).

### 1. Applicable Law

Under the doctrine of sovereign immunity, unless a State has explicitly and unequivocally consented, it is immune from suit in federal court.  *Sossamon v. Texas*, 563 U.S. 277, 283–285 (2011).  The Eleventh Amendment further extends sovereign immunity to actions against state officials sued in their official capacities "where the relief granted would bind the state or where the state is the real party in interest."  *Russell v. Dunston*, 896 F.2d 664, 667–68 (2d Cir.1990); *McAllan v. Malatzky*, No. 97 CIV. 8291 (JGK), 1998 WL 24369, at *4 (S.D.N.Y. Jan. 22, 1998), *aff'd*, 173 F.3d 845 (2d Cir. 1999); *see, e.g.*, *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents.") (citation omitted).  As such, in order to state a claim under Section 1983, a complaint must allege that a person, acting under color of State law, deprived plaintiff of a federal statutory or constitutional right.  *See Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002); *Eagleston v. Guido*, 41 F.3d 865 (2d Cir. 1994).

### 2. Application

Here, the State has not explicitly and unequivocally consented to being sued under the

circumstances presented. *Sossamon v. Texas*, 563 U.S. at 283–285. Plaintiff appears to sue Defendants James, Stein, and Tagliafierro solely in their official capacity. In his opposition to the State Defendants' motions, Plaintiff merely states that "[t]he Principal duties of the Attorney General are to: Represent the United States in legal matters" and that the "Attorney General supervises and directs the administration and operation bureaus[sic] that comprise the Department." (Doc. 35, at 4.) Therefore, sovereign immunity operates to bar Plaintiff's claims against the State Defendants.

To the extent that Plaintiff's pleadings may be construed to allege a claim pursuant to 42 U.S.C. § 1983 against the State Defendants, these claims also must be dismissed for failure to state a claim upon which relief may be granted. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citation omitted). Here, other than naming Defendants James, Stein, and Tagliafierro in the caption, Plaintiff does not mention the State Defendants in the Complaint or Amended Complaint or raise any facts indicating that the State Defendants personally acted or failed to act in such a way as to violate Plaintiff's constitutional rights, and Plaintiff does not allege facts in his Amended Complaint or opposition papers demonstrating that any of the State Defendants were personally involved in the alleged violations. Nor does Plaintiff make any showing that the State Defendants had authority over the NYPD's issuance of parking tickets or subsequent repossession and sale of automobiles for failure to pay parking tickets. Accordingly, Plaintiff's claims against the State Defendants are dismissed for failure to state a claim against those Defendants. *See, e.g.*, *Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 251 (S.D.N.Y. 2009) ("When a complaint names defendants in the caption but makes no substantive allegations against them in

the body of the pleading, the complaint does not state a claim against these defendants.").

I also decline to exercise pendent jurisdiction over any remaining state law claims against the State Defendants. *See Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988) ("When all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims.").

## V.    Conclusion

For the foregoing reasons, Plaintiff's claims against Defendants Letitia James, Letizia Tagliafierro, and Josh Stein are hereby DISMISSED with prejudice. Plaintiff's requests to submit evidence are DENIED without prejudice to refile at a later date.

The Clerk of the Court is directed to terminate Defendants Letitia James, Letizia Tagliafierro, and Josh Stein, and to terminate the open motions at Documents 9, 10, 15, and 32. The Clerk of Court is also respectfully directed to mail a copy of this Order to pro se Plaintiff.

SO ORDERED.

Dated:   December 20, 2020
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge